# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 95-CR-077-001-TCK |
| v. | ) | |
| | ) | USM Number: 07555-062 |
| ANDRE LAMONT GREEN, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the motion of defendant for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 108), which is based on retroactive Amendment 750, revising USSG § 2D1.1. At re-sentencing on remand, the Court imposed an imprisonment sentence of 360 months, 360 months as to counts one, three, and nine; 240 months as to count two; 24 months as to counts four and eight; and 120 months as to counts six and eleven, all to run concurrently, each with the other. In arriving at this sentence, the Court utilized § 2D1.1 to reach a base and adjusted offense level of 32. Further, the Court found that defendant was a career offender pursuant to USSG § 4B1.1, which resulted in a total offense level 37 and a sentencing range of 360 months to life. See PSR, ¶¶ 45 and 70.

The Court finds that offenses of conviction involved crack cocaine and that Amendment 750 therefore applies. However, utilizing Amendment 750 revisions, the total offense level remains at level 37 based on application of the career offender enhancement set out in § 4B1.1. Defendant was convicted of conspiracy and possession with intent to distribute 112.7 grams of cocaine base. The original guideline calculation resulted in a base and adjusted offense level of 32. Application of Amendment 750 would lower the base and adjusted offense level to level 28. However, the Court

found that defendant was a career offender, which increased the total offense level to level 37.[1] According to the guidelines, if the offense level for a career offender is greater than the offense level otherwise applicable, the career offender offense level shall determine the guideline sentencing range. USSG § 4B1.1(b). The career offender guideline overrides Chapter Two calculations and a motion for reduction of sentence under § 3582(c) does not alter that principle. See United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008) (affirmed district court's denial of defendant's Amendment 706 motion for reduction of sentence because the career offender guidelines in § 4B1.1 were used to determine sentence).

Amendment 750 reduces the adjusted offense level for the offenses of conviction, but there is no reduction in the total offense level because the career offender guideline trumps the calculated adjusted offense level. Although Amendment 750 is applicable, application of the Chapter Four guidelines provides for total offense level 37, the same offense level as applied when defendant was resentenced. A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. See USSG § 1B1.10(a)(2)(B). In a case where the facts establish that a defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

---

[1] In his motion (Doc. 108, p. 5) defendant argues he is not a career offender under § 4B1.1 because his escape from penal institution conviction (PSR, ¶ 53) was subsequently found to be a nonviolent offense in Chambers v. United States, 555 U.S. 122 (2009). This is correct; however, defendant retains his career offender status absent the escape conviction by virtue of two other § 4B1.1-qualifying convictions for violent crimes, namely: feloniously pointing a weapon (PSR, ¶ 50) and assault and battery with a dangerous weapon (PSR, ¶ 52).

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence (Doc. 108) is **dismissed for lack of jurisdiction**.

**DATED** this 12th day of April, 2012.

TERENCE KERN
United States District Judge